IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,667-01






EX PARTE KASAAN ALI JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1069179 IN THE 232ND JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to fifty years' imprisonment. The First Court of Appeals affirmed his
conviction. Johnson v. State, No. 01-06-00979-CR (Tex. App. - Houston [1st Dist.], October 4,
2007,pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate or interview witnesses, failed to file a pre-trial motion to suppress the
identification of Applicant, failed to request notice of the State's intent to introduce extraneous
offense evidence, failed to object to the State's failure to timely provide a list of witnesses, advised
Applicant that all of his prior convictions would be admissible for impeachment if he testified, failed
to object to hearsay testimony, failed to object to various arguments by the prosecutor, and urged the
jurors to consider the application of parole law to Applicant's case. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with copies of the jury charges at
guilt/innocence and at punishment. The trial court shall make findings of fact as to whether counsel
considered the possibility of filing a pre-trial motion to suppress the in-court identification of
Applicant on the basis that it was the result of an impermissibly suggestive pre-trial identification
procedure. The trial court shall make findings as to how Applicant was identified at trial, and by
whom. The trial court shall make findings as to whether counsel was aware of the State's intent to
introduce extraneous offenses to impeach Applicant, and if so whether counsel considered
investigating or challenging the admissibility of any of those prior convictions. The trial court shall
make findings as to whether the State introduced statements of two of the robbery victims through
a police officer, and if so, whether defense counsel made any objection to such testimony on the
basis of hearsay or denial of confrontation. The trial court shall make findings as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



 

Filed: September 30, 2009

Do not publish